here, read, hear, read, hear, read. The United States Court of Appeals for the legislature is now open to call it too long. I'll say the United States Suicidal Report. Please be seated. Good afternoon. Welcome to, I think the third time we've had a week of oral argument in Birmingham, Alabama. Council, we are familiar with your cases. We have four appeals to hear this afternoon. We've read your briefs. The authority cited in your briefs. We've looked at at least portions of the record. So in the limited time that you have this afternoon, feel free to get straight to the heart of your argument. We're probably going to have some questions. Um, so we want that questions answered, obviously. But when the red light shines, please be mindful of our time and wrap it up. If you're finishing an answer to a question from the court, we'll let you. We'll let you finish your answer. But but do be respectful of our time. We'll begin this morning with United States versus Day. Mr Gray. Good afternoon. May it please the court. Scott Gray for the United States of America. Section 35 53 E allows the United States to move for a substantial assistance reduction. Count by count precedent, statutory text and general sentencing principles support this exercise of prosecutorial discretion. The district court imposed an illegal sentence in Erica Day's case when it imposed a de minimis sentence of one day for her section 9 24 C conviction because the United States did not move for a substantial assistance reduction on that count. This court addressed an identical question in the Rule 35 B context in McNeese. Today, this court should extend McNeese's holding to the Section 35 53 E context. You would agree that McNeese did not deal with the statutory text that we have here. Is that correct? They are not. That is correct. It is Rule 35 B and McNeese. Section 35 53 E has some minor textual differences. So if that's right, then it's really not about extending a precedent about a different rule to this context. The result might be the reasoning might be similar. It might be. It might make sense to reach the same kind of result. But shouldn't the text be the focus of your argument? Certainly, Your Honor. And I will go there. But I will note that this court has said in other decisions, including in Aponte, that it will use Rule 35 B to construe Section 35 53 E because they are essentially two sides of the same coin. It does. It does the same service. And Aponte does say that. But I think you should focus on the text of the actual statute. Certainly, Your Honor. So I'll go to the text. And there are really three portions of the text to which I would point the court. The first is upon motion of the United States. That provision makes clear that a United States motion is a condition precedent to any reduction that follows. The second feature of the text is the use of the term a sentence. And then the use of that A signifies a countable noun. If there were any question there, then there is the third feature, which refers to the sentence as being a sentence set by statute as a mandatory minimum for that offense, which reflects the link that sentences while colloquially we may refer to a sentence as the total sentence a defendant receives. The actual sentence is a creation of statute, which is specific for a defendant's offense of conviction. And that conclusion also is reinforced. There is sort of a fourth element out there, which is the statutory heading, which makes clear that this is a limited exception to the general rule that mandatory minimum sentences control. When this court interprets statutory text, it also construes it in the light of the purposes of the statute and in accord with constitutional concerns. And one of the things this court did recognize in McNeese was the importance of prosecutorial discretion in this field. And there are actually two separation of powers concerns that the court has to consider in this case. The first is certainly the Article two consideration of prosecutorial discretion. But the other is the Article one concern of making sure that the court enforces Congress's intent that mandatory minimum sentences. It's really the Article one concern that controls here, isn't it? I mean, if Congress had expressed an intent different from what you're arguing, we'd be obliged to respect it, notwithstanding whatever the executive might want. I think that's probably right, Your Honor. I want to be careful not to stretch too far, but I do think that that is correct, that the principal concern here is the Article one concern because Congress has both said as item one mandatory minimum sentences are the rule and any reduction from that is the exception. And Congress has also carved out that prosecutorial discretion for the United States in the substantial assistance regime. So it really has paid it really cut against prosecutorial discretion because the prosecutor still maintains the discretion to file the motion. It's really the filing of the motion that then triggers the ability of the district court to go below the mandatory minimum. So the prosecutor maintains that discretion regardless of whether it's for, in your argument, one sentence or for multiple, right? The prosecutor would retain some measure of discretion under both, but the question is ultimately what level of discretion is due. And the substantial assistance regime at every turn promotes that choice. It's not just this court's decision in McNeese. The Supreme Court in Melendez rejected a unitary approach to the substantial assistance regime that essentially would have required the United States if it filed a section 5k 1.1 motion to also file a section 3553 e motion. The Supreme Court recognized the importance of choice in that circumstance and those same equities controlled here in the section 3553 e context. And so ultimately the statute supports the idea that the prosecutor maintains a choice and that accords with the substantial assistance regime as a whole. This court has recognized that the purpose of the substantial assistance regime is to aid the United States in criminal prosecutions. It ultimately isn't about a benefit for cooperative defendants. And so the focus ultimately of the regime is the assistance to the prosecution. Would you have had the same discretion if the plea agreement had detailed that the substantial assistance, if given, would be, there would be a motion done with respect to counts 1, 2, 3, whatever the counts are. Would that have, would that have changed the analysis? I think the answer is yes, Your Honor. That the parties certainly can bargain for a different result than the statutory default. Day has made the argument that there was that sort of bargaining here, but that actually clashes with the language in the plea agreement in this case. The plea agreement made no statement regarding. You think that plea agreement could override the text of the statute? I think the way this statute is structured, it's not that, it's not exactly like that, Your Honor. I think I'm misspeaking slightly. What I'm saying is that the the United States could say if you render substantial assistance, well, let me change my answer slightly. I think that what I'm trying to say is if the plea agreement said we will move under every statute that were available and there were no legal basis to do so, we couldn't avoid, the United States couldn't avoid the statute itself. However, there would potentially be a voluntariness problem with the guilty plea at that point if the defendant had a mistaken impression about what the sentencing exposure would be. Again, that's not the case here. There was a plea agreement that made no assurances regarding section 3553 E at all and insofar as there was any implied assurance about section 3553 E, the plea agreement made clear at every turn that the United States was not guaranteeing any sort of particular reduction. The United States complied in full with the plea agreement when it found that they as to her drug offense. And in terms of precedent, I think this court's decision in Melton is on all fours here. That case involved this district's plea agreement and ultimately said that silence in a plea agreement is not ambiguity. The plea agreement silence on section 3553 E is dispositive of any sort of promise here. I would also note that Day has made an emphasis of the plea colloquy and the court statements during the plea colloquy merely were designed to ensure that Day understood at the time of her guilty plea that she was not entitled to a particular sentence. It was essentially to deal with some of the concerns that Chief Judge Pryor you alluded to earlier of making sure that Day understood at that time she needed to make the decision to plead guilty because she was in fact guilty and not based on an understanding of the sentence that she might receive. Day in her brief, as I understand it, has tried to essentially convert that statement of the uncertainty at the time of sentencing into an assurance. And so, in sum, a five-year sentence is a reasonable sentence for an appropriate sentence for armed drug dealing and the United States did not. We don't have a reason on this issue here, do we? No, this is a legality. You keep trying, Mr. Gray, to make this oral argument. I think this appeal may be a little more complicated than it actually is. It really rises or falls with the text, doesn't it? It rises and falls with the text. That text is clear. It unambiguously supports the idea that the United States can move count by count and unless the court has additional questions about that text, we would ask the court to vacate and remand because it is an illegal sentence in this case. I've reserved three minutes for rebuttal but would yield the remainder of my time. Thank you, Mr. Gray. Thank you. Mr. Madden. May it please the court. The government has done everything but talked about the plea agreement that it entered into and the plea agreement does not carve out an exception for count two. It says, and this is unambiguous, that if the government in its sole discretion determines that they has rendered substantial assistance in the prosecution of another, then, if then, it will file a motion for downward departure. Yes, but it doesn't specify what that motion has to say. Well, let's take that apart because it says a 5k, what the agreement says, it's paragraph F in the record, page 82 of document 25. It says that if the government in its discretion finds she has rendered substantial assistance, then it will file a motion. It didn't file a motion. It didn't. It did not file a 5k1 motion as to count two. I mean, there's no question about that. That's, these are just facts. She cooperated. They said she cooperated. They agreed that if she cooperated, they would file it. They didn't. So there is, so they, and I think that's what the district court was looking at. Now, how do you then address section G that says a defendant understands the United States will make no representation or promise with regard to the exact amount of reduction, if any, the United States might make in the event that it determines that the defendant has provided substantial assistance? Okay, they're different issues. Whether there has been substantial assistance triggers the duty to file a motion. The extent of the assistance is what they're talking about. They're two different things. The, that paragraph that you read talks about the extent of the request. The first one is whether they have to make the request. The fundamental problem here, as I understand it, Mr. Madden, is the authority of the district court to depart below a statutory mandatory minimum for a count for which there's no motion. All right, and so two pieces. The first one, there, the government agreed it would file a motion. So I think that the district court, who is very familiar with this plea agreement, it's been used for two decades, know that, and they filed the motion as to count. Right, but we, but I know McNeese is not on point because it deals with a Rule 35, but we certainly have case law that says that Rule 35 and 353e are treated similarly, or we interpret them similarly. So why would the district court judge think it would be appropriate, then, when the government only files a motion specifically as to a particular count, and it does only files it as to count one, not count twos. So it's upon motion of the government, the motion is filed by the government, and it only applies to count one. Why would the district court judge think it would be appropriate for them to deal with count two? Well, it's because their plea agreement, first of all, McNeese wasn't, didn't even have a plea agreement. They had nothing to do with a plea agreement. McNeese was, he cooperated after the fact without an agreement. So McNeese is, it has no bearing. I understand the plea agreement has to do with the statutory authority of a district court. I mean, we have two count indictments here, right? Yes. Each count has a statutory mandatory minimum of five years, right? Yes. The government moves for departure as to count one, right? Incorrectly, but yes, that's what they did. That's what they did, not as to count two. By what authorities, what statute would give the district court any authority to go below a statutory mandatory minimum for count two? This is, this is exactly what the Supreme Court in Melendez talks about in footnote five. It's exactly what it is. Whether the, whether footnote two and footnote five. So if you, if you, if you look at those, footnote two says we, because of the way that the cert is granted, we don't get into the question whether the plea agreement itself would be a sufficient authority to depart. That's footnote two, I think. And footnote, not five, footnote four then says those particular language has to be employed to invoke a departure or a downward, a downward departure under rule 3553 E. You put those together, that's exactly what we have here. So from your perspective, your argument rises and falls on the plea agreement and otherwise you don't have an argument to make as to the statutory text? Yes. Okay. It's, it's the plea agreement and the plea agreement required the government to make the motion. I'm sure that, I'm not sure, the district judge was, was surprised, I think. I didn't try the case in, in New York Wisconsin, so we weren't there. But reading the record, the government did not file its, its motion with respect to both counts. When the plea agreement said, if she cooperates, then we'll file motions. So Mr. Madden, if I'm to understand your argument, your argument then is that what the district court was doing was curing a breach of a plea agreement? It was, it was curing a, it, I think that that's what it was doing in effect. I think it anticipated that the government... But what authority, though, could it cure a breach by exercising a sentencing authority that the statute doesn't supply? Well, I think it, it, it, and I think that is the other, that's the footnote five in, in, in footnote four in Glenda's, that the, the plea agreement itself... There's no magic words issue here. You, you agreed earlier, and I think we're all in agreement, that the government was very clear about what it was saying in its motion. It was clear what it said in its motion, but it was not clear, and it contradicted what it said in the plea agreement. The plea agreement controls. It says, if you do this, then we will file the motion. And what Judge Karnes said in, in Melton was, this court isn't going to read in language. They wanted to add, they wanted to add to that, but we reserve the right to limit it to count one or two, and they can't do it after the fact. I don't, I don't know how, I don't know how the agreement can be read to require them to file that motion as to count two. It, it, I think it, it, there is no other way to read it than to say, in the agreement, requires them to file a 5k1 motion as to count two. They didn't do that. Now, if they file the 5k1 motion, if, I think, just read, if we read the language, it's, it's elusive. Is there sole discretion to file the motion? No. Their sole discretion is whether there has been substantial assistance. If, in our sole discretion, there has been substantial assistance, then the United States will. So, the discretionary part is whether they have provided substantial assistance. If the determination is made in their sole discretion. And where's the obligation that they then, once that has occurred, that cooperation has occurred, that they will file it as to both counts? Where does the language say that? It doesn't, it doesn't limit it. It doesn't, it doesn't say that. Well, now, you're, we're adding a... No, no, no, we're not adding anything. It just doesn't address that. You're saying that the plea agreement somehow required that, and I don't, I don't, I don't see where that language appears. Well, I guess, I mean, I don't know any other way to read it than, literally, that if the defendant provides cooperation, a decision we've reserved for the United States, then the United States agrees to move for downward departure. Yeah, it doesn't say, it doesn't address, it doesn't oblige them to do it for both counts. They, they secured a guilty plea based on reliance up to two counts, both counts, in reliance on this agreement. They could have done it on count two and not count one. They could have done it on both counts. They could have done it on count one, as they did, and not count two. I don't understand where in the agreement it says they, they can't make those choices. Well, it's their motion, when they file it, their motion to depart is as to one count. And it's, it's their agreement, they drafted it, and if there's ambiguity, it's... And I'm not seeing where they breached it. If... And if they did breach it, then it would seem to me, then, the thing to do is to set aside the plea and let's go to trial. I don't understand why, I don't understand why it would be to enter an illegal sentence. Well, that, on the remedy part, all right, that's, that's a... I mean, you didn't ask for the court to set aside the plea agreement. No, I'm asking for the court to uphold what the district court did, because the district court understood from its vast experience with this language that the government didn't reserve its right to pick and choose among the counts. It could have, but it didn't. In the plea agreement, it used this standard plea agreement that's drafted as if there's a single count to... This is a one-size-fits-all agreement that's been around for two decades. The district court understood it. They filed the motion, both 5K and 3553, as to count one. But once they found substantial assistance, and it was extraordinary in this case, but that's not relevant, they had the obligation to file the 5K-1 motion. And they did, they did file one. Not on this count. Well, they didn't have to. Where does it say that they have to? It says, if you provide... They did file a motion, they filed it as to count one. If they provide truthful... She could, she had to provide full and complete truthful assistance. Yeah. They had to make the downward departure motion. They did. They filed a motion as to count one. Well, I mean, I understand the context of all of this and why the district court did what it did in light of your client's cooperation, and the district court was considering what the progress of your client had made in her life to that point. But I have to agree with the chief in terms of the language in the plea agreement that you keep pointing toward. I don't see anything that requires the government. I mean, all of it's in the discretion. I think you have a hard time saying that there's a reliance interest here because all of this was at the government's discretion. But once you cooperated, and the government deemed it to be substantial, they have to file a motion. And I have a hard time seeing something that requires them to file a motion as to both counts. Well, but it's a sentencing... That's the only thing they're doing is bargaining for the length of the sentence. That's the basis of the plea agreement. And the length of the sentence was reduced, right? Because she was facing two mandatory minimum sentences, one of which had to be consecutive to the other. So she's looking at a minimum of a 10-year exposure, right? And now she's looking at a five-year. So that sentence was reduced. So I don't think that you can say that she didn't get the benefit of that bargain. But it was not qualified as she pled to both counts. The bargain covered both counts. And the consideration was limited to one count. But the plea agreement does not permit that. It doesn't provide for that. It doesn't limit the government's... Or doesn't permit the government to limit the extent of the departure once the cooperation has been found. It could have, but it didn't. And this court shouldn't ink in an exception that permitted them to withhold it. Again, let me... The chief asked this question, but I'm not sure he really answered it. If we were to agree with you that there was a breach of the plea agreement, why would this not be then vacated and then your client go to trial? I mean, why would the district court be able to then circumvent the statutory language? Well, as far as... When the government didn't make a motion. The government... Because the statute is very clear upon motion by the government, and the government clearly did not make a motion here as to count to. So if you agree with me on that, then it would have to be a vacate and remand for your client to go to trial. No, I think there's another step. I think what you're talking about is a 5K1 motion. They have to make that one. So if you sent it back to district court and said, vacate the sentence, government make the motion. Here's the problem as I see it, Mr. Madden. If you're right, if this is what the plea agreement required and the government was breaching its plea agreement, it would have been incumbent upon you to move to set aside the agreement because the government's breached it. You didn't do that. The district court decided basically to give you a remedy that the statute gives the district court no authority to do, which was to grant a departure as to account for which the government had not filed a motion. And so we're stuck with what the district court did, which is apparently is an illegal sentence. Well, first of all, I mean, I wasn't in the district court. Right. Okay. But beyond that, the way I read, and I think that the court can read Melendez, that the plea agreement was the authority for the court to impose a 3553E on count two. This court should uphold the sentence that it imposed on count two. Okay. I think we understand your argument. Let's hear from Mr. Gray if he has anything more he wants to tell us. Just briefly, your honor, as I understood Day's presentation, she has now conceded that she has no argument as to the interpretation of section 3553E itself. She also acknowledged that the United States motion was clear in its terms. Therefore, the district court imposed a sentence that it lacked the authority to impose. I mean, Day, as I understand Mr. Madden's argument, it's kind of the flip side of yours. Whereas you say the statutory text is clear. Day says, well, the statutory text doesn't say anything about multiple sentences. And this is all governed by the plea agreement. And you say the plea agreement doesn't say anything about the government filing a motion as to both counts. You see why? I mean, it's kind of the flip side of each other. That is true. We're ultimately talking about two different stages in the case. I'm talking about the statute. Day's talking about the plea agreement. Ultimately, there was no breach in this case. Even if there were, as this court has recognized, a breach argument would be, as I think the court's questions go, to a basis for vacatur and remand. Not only was there no such... Well, only if he had actually asked the district court to set it aside because there had been a breach. It's not entirely clear to me that this would be in a procedural posture for us to vacate. That's correct, Your Honor. Both because there was no such motion in the district court. And ultimately, there was no cross appeal by the defendant. The United States appealed the illegal sentence. And so the United States admits that the court should enforce Section 3553E, that its text clearly allows for a count-by-count reduction, and that the district court ultimately imposed an illegal sentence in this case. Unless the court has further questions, I would thank the court for its time this afternoon. Thank you, Mr. Madden. Mr. Madden, I note you were court appointed. Obviously, when I say you, I mean your client. But I recognize that you took this on appeal and you did so by appointment, and I appreciate you doing so. And the court thanks you for ably discharging your duty.